UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAIMI SHOAGA,<br><br>    Plaintiff,<br><br>    v.<br><br>CITY OF STOCKTON, *et al.*,<br><br>    Defendants. | Case No. 2:21-cv-01954-KJM-JDP (PS)<br><br>SCREENING ORDER THAT PLAINTIFF:<br><br>(1) STAND BY HIS COMPLAINT SUBJECT TO DISMISSAL, OR<br><br>(2) FILE AN AMENDED COMPLAINT<br><br>ECF No. 1<br><br>THIRTY-DAY DEADLINE |

Plaintiff filed a complaint purporting to assert claims against several defendants, together with an application to proceed *in forma pauperis*. His complaint, however, fails to state a claim. I will defer ruling on his application to proceed *in forma pauperis* and grant him an opportunity to file an amended complaint.[1]

---

[1] Plaintiff may, but is not required to, file an amended application to proceed *in forma pauperis*. His current application reflects that his monthly income is approximately $5,300, but he identifies monthly expenses totaling less than $1,700. ECF No. 2. From the limited information on plaintiff's current application, it does not appear that he qualifies to proceed *in forma pauperis*. *See Gastelum v. M5 Dev LLC*, No. 21-cv-01255-BAS-AHG, 2021 WL 3438641, at *1 (S.D. Cal. July 21, 2021) (quoting *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948)) ("To satisfy the requirements of 28 U.S.C. § 1915(a), 'an affidavit [of poverty] is sufficient which states that one cannot because of his poverty pay or give security for costs . . . and still be able to provide himself and dependents with the necessities of life.'").

1

## Screening and Pleading Requirements

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights co mplaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

## Analysis

Plaintiff brings this action against ten defendants—the City of Stockton, Wesley (an officer), Austin Samuel, Susan Samuel, Jose Guttierrez, Freeway Automotive, Spanos Home Owners Association, Citywide Towing, Lien Receivables, LLC, and Francini (California Highway Patrol Officer). ECF No. 1 at 1. The complaint's caption page suggests that plaintiff seeks to assert a Fourth Amendment unlawful search and seizure claim and an Eighth Amendment excessive bail claim. *Id.* However, the complaint's allegations, which are minimal, simply state that defendants are liable for harassment, illegal towing, conversion, and "severe emotional distress and mental suffering." *Id.* at 2.

1    Plaintiff's complaint fails to present a short and plain statement of his claim as required by
2 the Rule 8 of the Federal Rules of Civil Procedure. Instead, it consists of little more than a list of
3 claims and defendants, with no specific factual allegations. Although pro se pleadings are
4 liberally construed, plaintiff must still identify each of the defendant's actions that support his
5 claims. *See Jones v. Cmty. Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984) ("The plaintiff must
6 allege with at least some degree of particularity overt acts which defendants engaged in that
7 support the plaintiff's claim.").

8    I will allow plaintiff a chance to amend his complaint before recommending that this
9 action be dismissed. If plaintiff decides to file an amended complaint, the amended complaint
10 will supersede the current complaint. *See Lacey v. Maricopa Cnty.*, 693 F. 3d 896, 907 n.1 (9th
11 Cir. 2012) (en banc). This means that the amended complaint will need to be complete on its face
12 without reference to the prior pleading. *See* E.D. Cal. Local Rule 220. Once an amended
13 complaint is filed, the current complaint no longer serves any function. Therefore, in an amended
14 complaint, as in an original complaint, plaintiff will need to assert each claim and allege each
15 defendant's involvement in sufficient detail. The amended complaint should be titled "Amended
16 Complaint" and refer to the appropriate case number. If plaintiff does not file an amended
17 complaint, I will recommend that this action be dismissed.

18    Accordingly, it is hereby ORDERED that:

19    1. Within thirty days from the service of this order, plaintiff must either file an
20 amended complaint or advise the court he wishes to stand by his current complaint. If he selects
21 the latter option, I will recommend that this action be dismissed.

22    2. Failure to comply with this order will result in the dismissal of this action.

23    3. The Clerk of Court is directed to send plaintiff a new form complaint and *in forma*
24 *pauperis* form.

25

26 IT IS SO ORDERED.

27
   Dated:   December 13, 2022                    _____
28                                                JEREMY D. PETERSON

UNITED STATES MAGISTRATE JUDGE

4