UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAIMI SHOAGA, | Case No. 2:21-cv-1954-DC-JDP (PS) |
| Plaintiff, | |
| v. | ORDER |
| CITY OF STOCKTON, *et al.*, | |
| Defendants. | |

Pending before the court is defendant Anderson's Towing's motion for electronic filing privileges, ECF No. 11, three motions by defendant Guttierrez: a motion for an extension of time, ECF No. 14, a motion for electronic filing privileges, ECF No. 16, and a motion to dismiss, ECF No. 17. Good cause appearing, Guttierrez's motion for an extension of time is granted, and his motion to dismiss, filed June 3, 2024, is deemed timely. The remaining motions will be denied.

**Motion for Electronic Filing Privileges**

Generally, "any person appearing pro se may not utilize electronic filing except with permission of the assigned Judge or Magistrate Judge." E.D. Cal. L.R. 133(b)(2). "Requests to use paper or electronic filing as exceptions from these Rules shall be submitted as stipulations as provided in L.R. 143 or, if a stipulation cannot be had, as written motions setting out an explanation of reasons for the exception." E.D. Cal. L.R. 133(b)(3). Neither motion

1

demonstrates good cause to depart from the normal filing procedure for unrepresented litigants.[1] Both motions are denied.

**Motion to Dismiss**

Defendant Guttierrez moves to dismiss under Federal Rules of Civil Procedure 12(b)(5) and 12(b)(6) for improper service and failure to state a claim.[2] Defendant Guttierrez first argues that plaintiff has failed to effectuate service within the 90 days prescribed by Rule 4(m), since he received the summons on April 12, 2022. *Id.* at 7-8. He next argues that he only received the summons and not the complaint. *Id.* Finally, he argues that leaving the summons in his mailbox is not a proper manner of service. *Id.* Plaintiff responds that his process server made several trips to defendant Guttierrez's residence, but that after no one answered the door, the process server left all the documents—including the complaint—in defendant Guttierrez's mailbox.[3] ECF No. 19 at 2.

A party may contest the sufficiency of service of process under Rule 12(b)(5). Fed. R. Civ. P. 12(b)(5). If a court finds that service was insufficient, the court may dismiss the action. *See Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) ("In the absence of service of process . . . . a court ordinarily may not exercise power over a party the complaint names as defendant.") (citation omitted). Once service has been challenged, the plaintiff bears

---

[1] "A corporation or other entity may appear only by an attorney." L.R. 183(a); *see D-Beam Ltd. P'ship v. Roller Derby Skates, Inc.*, 366 F.3d 972, 973-74 (9th Cir. 2004) ("It is a long-standing rule that corporations and other unincorporated associations must appear in court through an attorney") (quotations and citation omitted); *Caveman Foods, LLC v. jAnn Payne's Caveman Foods, LLC*, No. CV 2:12-1112-WBS-DAD, 2015 WL 6736801, at *2 (E.D. Cal. Nov. 4, 2015) ("While individuals may appear *in propria persona*, corporations and other entities may appear only through an attorney; an unrepresented entity cannot file any pleadings, make or oppose any motions, or present any evidence to contest liability."). There is no indication that a licensed attorney represents Anderson Towing. A non-lawyer may only appear in this court *in propria persona* on his own behalf and corporations may appear only by attorney. L.R. 183(a). Future filings by a non-lawyer acting on behalf of another, including a corporation, will be disregarded.

[2] Since plaintiff failed to effectuate proper service, the court does not have jurisdiction over defendant Gutierrez, and thus it is improper to reach the merits of the motion to dismiss.

[3] Plaintiff also argues that defendant Guttierrez is the owner of defendant Freeway Automative and thus cannot represent the company. ECF No. 19 at 2. While that may be true, defendant Guttierrez filed the motion to dismiss solely on his behalf, and it appears that defendant Freeway Automative has not appeared.

2

the burden of showing that service was proper. *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004). This burden is satisfied when the process server files a return of service, which acts as "prima facie evidence of valid service." *S.E.C. v. Internet Sols. for Bus. Inc.*, 509 F.3d 1161, 1166 (9th Cir. 2007) (quoting *O'Brien v. R.J. O'Brien & Assocs.*, 998 F.2d 1394, 1398 (7th Cir. 1993)). If there is no defect apparent from the face of the return, the defendant must present evidence showing that he or she was not properly served. *Emine Tech. Co., Ltd. v. Aten Intern. Co.*, No. C 08-3122 PJH, 2008 WL 5000526, at *2 (N.D. Cal. Nov. 21, 2008). A defendant may overcome this presumption only by "strong and convincing evidence." *Internet Sols. for Bus. Inc.*, 509 F.3d at 1166 (quoting *O'Brien*, 998 F.2d at 1398).

In federal cases, service of process may be effected under either federal or state rules. Fed. R. Civ. P. 4(e). The Federal Rules of Civil Procedure allow service by "(A) delivering a copy of the summons and of the complaint to the individual personally [i.e., personal service]; [or] (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there [i.e., substitute service. . . ." Fed. R. Civ. P. 4(e)(2). Under California law, service on someone other than a defendant (i.e., substitute service) is permissible only when a plaintiff has shown that the summons and complaint "cannot with reasonable diligence be personally delivered" on a defendant. Cal. Code of Civ. Proc. § 415.20. Pursuant to section 415.20(b), a summons may be served "by leaving a copy of the summons and complaint at the person's dwelling house, usual place of abode, usual place of business, or usual mailing address . . . ., in the presence of a competent member of the household or a person apparently in charge of his or her office, place of business, or usual mailing address . . . ., at least 18 years of age, who shall be informed of the contents thereof, and by thereafter mailing a copy of the summons and of the complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left."

Here, there is a defect of service apparent from the face of the return for defendant Guttierrez. The return states that the process server left the summons in defendant Guttierrez's mailbox. ECF No. 13 at 6. And plaintiff concedes in his opposition that the process server left the summons and complaint in defendant Guttierrez's mailbox. ECF No. 19 at 2. As such,

plaintiff has failed to carry his burden of establishing that service was in compliance with the requirements of California Code of Civil Procedure Section 415.20(b) or the Federal Rules of Civil Procedure 4(e). Accordingly, the court grants defendant Guttierrez's motion to dismiss without prejudice based on plaintiff's improper service of process. Plaintiff may attempt to properly serve defendant Guttierrez within fourteen days of this order.

Accordingly, it is hereby ORDERED that:

1. Defendant Anderson Towing's motion for electronic filing privilege, ECF No. 11, is denied.

2. Defendant Guttierrez's a motion for an extension of time, ECF No. 14, and motion for electronic filing privileges, ECF No. 16, are denied.

3. Defendant Guttierrez's motion to dismiss, ECF No. 17, is granted without prejudice. Plaintiff may attempt to properly serve defendant Guttierrez within fourteen days of this order.

IT IS SO ORDERED.

Dated: _November 22, 2024_

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE