UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAIMI SHOAGA, | Case No. 2:21-cv-1954-DC-JDP (PS) |
| Plaintiff, | |
| v. | ORDER |
| CITY OF STOCKTON, *et al.*, | |
| Defendants. | |

Plaintiff has filed a request to voluntarily dismiss this case without prejudice. ECF No. 30. Subject to exceptions not applicable here, a plaintiff may voluntarily dismiss an action without a court order by filing:

    (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or

    (ii) a stipulation of dismissal signed by all parties who have appeared.

Fed. R. Civ. P. 41(a)(1)(A).

Before plaintiff filed his request for voluntary dismissal, defendant City of Stockton filed an answer.[1] ECF No. 10. Consequently, plaintiff may not unilaterally dismiss this case pursuant

---

[1] The docket also includes an answer that was purportedly filed of defendant Anderson's Towing. ECF No. 12. That document is signed by Kelly Hill, who does not appear to be a licensed attorney and therefore cannot represent Anderson Towing in this action. *See* E.D. Cal. L.R. 183(a) ("A corporation or other entity may appear only by an attorney."); *D-Beam Ltd.*

1

to Rule 41(a)(1)(A)(i).  However, the defendants that have appeared in this case may stipulate to dismissal of this action pursuant to Rule 41(a)(1)(A)(ii).  Even if defendants decline to stipulate, the court may dismiss this action based upon plaintiff's request, "on terms that the court considers proper."  Fed. R. Civ. P. 41(a)(2).

Accordingly, it is hereby ORDERED that defendants City of Stockton and Jose Guttierrez shall, within fourteen days of the date of this order, file and serve a document stipulating to dismissal of this action without prejudice pursuant to Rule 41(a)(1)(A)(ii),[2] or otherwise respond to plaintiff's request for voluntary dismissal.

IT IS SO ORDERED.

Dated:     August 15, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

---

*P'ship v. Roller Derby Skates, Inc.*, 366 F.3d 972, 973-74 (9th Cir. 2004) ("It is a long-standing rule that corporations and other unincorporated associations must appear in court through an attorney") (quotations and citation omitted).  Accordingly, defendant Anderson Towing has not formally appeared in this case.

[2] In the event defendants so stipulates, the court will construe the parties' filings as a stipulation of voluntary dismissal without prejudice pursuant to Rule 41(a)(1)(A)(ii).

2