UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAIMI SHOAGA, | Case No. 2:21-cv-1954-DC-JDP (PS) |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| CITY OF STOCKTON, *et al.*, | |
| Defendants. | |

Pending before the court is plaintiff's notice to voluntarily dismiss this action without prejudice. ECF No. 30. However, pursuant to Federal Rule of Civil Procedure 41, plaintiff cannot unilaterally dismiss this action, because defendant City of Stockton has filed an answer. Accordingly, on August 15, 2025, I ordered the City of Stockton and Jose Guttierrez—the two appearing defendants—to file a document stipulating to dismissal without prejudice pursuant to Rule 41(a)(1)(A)(ii) or to otherwise respond to plaintiff's request for voluntary dismissal. ECF No. 31. Stockton filed a document seeking dismissal with prejudice. ECF No. 32. Guttierrez did not file a response, and the August 15 order was returned to the court as undeliverable. The court finds that defendants will not suffer plain legal prejudice and thus recommends that this action be dismissed without prejudice and without fees pursuant to Rule 41(a)(2).

Rule 41(a)(2) states that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." The phrase "terms that the court considers

1

proper" provides district courts the discretion to dismiss with or without prejudice. *See Hargis v. Foster*, 312 F.3d 404, 412 (9th Cir. 2002). When confronted with a motion for voluntary dismissal pursuant to Rule 41(a)(2), the court must determine: (1) whether to allow dismissal; (2) whether the dismissal should be with or without prejudice; and (3) what terms and conditions, if any, should be imposed. *Williams v. Peralta Cmty. Coll. Dist.*, 227 F.R.D. 538, 539 (N.D. Cal. 2005).

A court should grant a Rule 41(a)(2) motion for "dismissal without prejudice unless the defendant will suffer clear legal prejudice, other than the prospect of a subsequent suit on the same facts." *Phillips v. Illinois Central Gulf Railroad*, 874 F.2d 984, 986 (9th Cir. 1989). The Ninth Circuit interprets "legal prejudice" to mean "prejudice to some legal interest, some legal claim, some legal argument." *Westlands Water Dist. v. United States*, 100 F.3d 94, 96 (9th Cir. 1996). The Ninth Circuit has explained that "[u]ncertainty because a dispute remains unresolved" or because "the threat of future litigation . . . causes uncertainty" does not result in plain legal prejudice. *Id.* at 96-97. Plain legal prejudice does not result merely because the defendant will be inconvenienced by having to defend in another forum or where a plaintiff would gain a tactical advantage by that dismissal. *Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143, 145 (9th Cir. 1982).

Courts consider the following factors in determining whether dismissal should be with or without prejudice: "(1) the defendant's effort and expense involved in preparing for trial; (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action; and (3) insufficient explanation of the need to dismiss." *Fraley v. Facebook, Inc.*, 2012 WL 893152, at *3 (N.D. Cal. Mar. 13, 2012) (quoting *Burnette v. Godshall*, 828 F. Supp. 1439, 1443-44 (N.D. Cal. 1993)).

Neither plaintiff nor the City of Stockton offer any argument for or against dismissal with or without prejudice. Confoundingly, Stockton captions its motion as a stipulation, but asks that dismissal be with prejudice, which is not a stipulation contemplated by the court's August 25, 2025 order. Setting aside the parties' lack of argument, the court finds that dismissal without prejudice is appropriate. Stockton identifies neither any plain legal prejudice that it would suffer

should this action be dismissed without prejudice nor any "legal interest, [] legal claim, [or] legal argument" warranting dismissal with prejudice. *Westlands Water Dist.*, 100 F.3d at 96. And Guttierrez has failed to respond to the court's August 15 order. Because defendants have not demonstrated that they will suffer some plain legal prejudice, the court recommends that this action be dismissed without prejudice.

Accordingly, it is hereby RECOMMENDED that:

1. Plaintiff's notice of voluntarily dismiss, ECF No. 30, be construed as a motion for voluntary dismissal.

2. So construed, plaintiff's motion, ECF No. 30, be GRANTED.

3. This action be DISMISSED without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2).

4. The Clerk of Court be directed to close this action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   November 17, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE