UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAIMI SHOAGA, | Case No.  2:21-cv-1954-DC-JDP (PS) |
| Plaintiff, | |
| v. | ORDER |
| CITY OF STOCKTON, *et al.*, | |
| Defendants. | |

Plaintiff previously filed a notice of voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i), in which he stated that he gives this action is voluntarily dismissed. ECF No. 30.  Before plaintiff filed his notice of voluntary dismissal, defendant City of Stockton filed an answer.  Accordingly, plaintiff was not permitted to unilaterally dismiss this case. *See* Fed. R. Civ. P. 41(a)(1)(A)(i) (allowing a plaintiff to voluntarily dismiss an action without a court order by filing a notice of dismissal before an opposing party files either an answer or motion for summary judgment).  However, because plaintiff could voluntarily dismiss this case by filing a stipulation of dismissal signed by all appearing parties, the court ordered defendants City of Stockton and Jose Guttierrez, the only appearing defendants, to file a document stipulating to dismissal of this action without prejudice pursuant to Rule 41(a)(1)(A)(ii), otherwise respond to plaintiff's request for voluntary dismissal.  Defendants were notified that, even if they declined to

1

stipulate to dismissal without prejudice, the court could still dismiss the action based on plaintiff's request, on terms that it considered proper. *Id.*; *see* Fed. R. Civ. P. 41(a)(2).

In response to the court's order, City of Stockton agreed to this action being dismissed with prejudice. ECF No. 32. Defendant Guttierrez did not file a response. On November 17, 2025, I recommended that this action be dismissed without prejudice, finding that defendants will not suffer plain legal prejudice. ECF No. 33. Plaintiff subsequently filed objections to the findings and recommendations, stating that I incorrectly treated plaintiff's notice of voluntarily dismissal pursuant to Rule 41(a)(1)(A)(i) as seeking dismissal of entire action.

Plaintiff's notice specifically requested "that the above-captioned action [be] voluntarily dismiss, without prejudice against the defendants." The only logical interpretation of plaintiff's statement is that he sought dismissal of the entire action. Nevertheless, in light of his pro se status, the court will grant him an opportunity to clarify how he wishes to proceed against the named defendants.

Accordingly, it is hereby ORDERED that:

1. The November 17, 2025, findings and recommendations, ECF No. 33, are held in abeyance.

2. Within fourteen days of the date of this order, plaintiff shall file a status report addressing how he intends to proceed against each of the named defendants. For any defendant that plaintiff does not wish to voluntarily dismiss, plaintiff shall address the status of service of process for the defendant.

3. Should plaintiff fail to timely comply with this order, the November 17, 2025 findings and recommendations will be submitted to the district judge for consideration without further court order.

IT IS SO ORDERED.

Dated:    April 9, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

2