UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RAIMI SHOAGA,

Plaintiff,

v.

CITY OF STOCKTON, *et al.*,

Defendants.

Case No. 2:21-cv-1954-DC-JDP (PS)

ORDER

Plaintiff initiated this lawsuit in 2021 by suing the City of Stockton, Wesley (an officer), Austin Samuel, Susan Samuel, Jose Guttierrez, Freeway Automotive, Spanos Home Owners Association, Citywide Towing, Lien Receivables, LLC, and Francini (California Highway Patrol Officer). ECF No. 1. Plaintiff claims that defendants violated his rights when his car was improperly towed. Summons eventually issued in January 2024, after plaintiff paid the filing fee. Since then, the City of Stockton has filed an answer through counsel, ECF No. 10, Anderson's Towing filed an answer without counsel, ECF No. 12, and Guttierrez filed a motion to dismiss in pro se, ECF No. 17. None of the other defendants have appeared.

The court granted Guttierrez's motion to dismiss, finding that plaintiff had not properly served him. ECF No. 24. Specifically, the court found that "defect of service [is] apparent from the face of the return for defendant Guttierrez. The return states that the process server left the summons in defendant Guttierrez's mailbox. ECF No. 13 at 6. And plaintiff concedes in his

opposition that the process server left the summons and complaint in defendant Guttierrez's mailbox. ECF No. 19 at 2." ECF No. 24 at 3. The court then ordered plaintiff to serve Guttierrez within fourteen days. Plaintiff filed another proof of service for Guttierrez on January 8, 2025, but this service was improper.[1] Accordingly, Guttierrez has not been properly served.

On May 5, 2026, Stockton and plaintiff filed a stipulation to dismiss Stockton. ECF No. 37. Because both parties have signed the stipulation, I will direct the Clerk of Court to administratively terminate Stockton from this action. *See* Fed. R. Civ. P. 41(a). In light of this stipulation, the court hereby vacates the November 17, 2025 Findings and Recommendations.

Finally, the court will direct the Clerk of Court to disregard Anderson's Towing's answer, ECF No. 12. "A corporation or other entity may appear only by an attorney." L.R. 183(a); *see DBeam Ltd. P'ship v. Roller Derby Skates, Inc.*, 366 F.3d 972, 973-74 (9th Cir. 2004) ("It is a longstanding rule that corporations and other unincorporated associations must appear in court through an attorney.") (quotations and citation omitted); *Caveman Foods, LLC v. jAnn Payne's Caveman Foods, LLC*, No. CV 2:12-1112-WBS-DAD, 2015 WL 6736801, at *2 (E.D. Cal. Nov. 4, 2015) ("While individuals may appear in propria persona, corporations and other entities may appear only through an attorney; an unrepresented entity cannot file any pleadings, make or

---

[1] As explained in the November 25, 2024 order, in federal cases, service of process may be effected under either federal or state rules. *See* Fed. R. Civ. P. 4(e). The Federal Rules of Civil Procedure allow service by "(A) delivering a copy of the summons and of the complaint to the individual personally [i.e., personal service]; [or] (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there [i.e., substitute service] . . . ." Fed. R. Civ. P. 4(e)(2). Under California law, service on someone other than a defendant (substitute service) is permissible only when a plaintiff has shown that the summons and complaint "cannot with reasonable diligence be personally delivered" on a defendant. Cal. Code of Civ. Proc. § 415.20. Pursuant to section 415.20(b), a summons may be served "by leaving a copy of the summons and complaint at the person's dwelling house, usual place of abode, usual place of business, or usual mailing address . . . ., in the presence of a competent member of the household or a person apparently in charge of his or her office, place of business, or usual mailing address . . . ., at least 18 years of age, who shall be informed of the contents thereof, and by thereafter mailing a copy of the summons and of the complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left."

The January 8, 2025, proof of service shows that plaintiff had unspecified documents mailed to Guttierrez address, but again, as discussed above, that is an improper method of completing service.

oppose any motions, or present any evidence to contest liability."). There is no indication that a licensed attorney represents Anderson Towing. A non-lawyer may only appear in this court in propria persona on his own behalf and corporations may appear only by attorney. L.R. 183(a).

Moreover, as with Guttierrez, the summons returned for Anderson Towing demonstrates that it was not properly served. The proof of service demonstrates that a process server left the summons with a "Fabian" at Anderson Towing. ECF No. 15 at 5. For corporations, such as Anderson Towing, service can be completed in accordance with state law for service or by delivering a copy of the summons and complaint to an officer or other agent authorized by appointment or law to accept service of process. Fed. R. Civ. P. 4(h). Plaintiff has failed to adequately demonstrate that "Fabian" was authorized to accept service on behalf of Anderson Towing.

Accordingly, plaintiff has failed to demonstrate that he properly served any remaining defendant. Under Federal Rule of Civil Procedure 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id*. Although a pro se litigants are generally afforded more latitude than one represented by counsel, a party's pro se status does not constitute "good cause" for failing to timely effect service. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants."); *Townsel v. Contra Costa Cnty.*, 820 F.2d 319, 320 (9th Cir. 1987) (holding that ignorance of service requirements does not constitute "good cause" for failure to timely effect service); *see also* E.D. Cal. L.R. 183(a) ("Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law."). Plaintiff will be ordered to show cause why this action should not be dismissed for failure to timely serve defendants.

Accordingly, it is hereby ORDERED that:

1. The Clerk of Court is directed to administratively terminate the City of Stockton in light of the May 4, 2026, filing.
2. The November 17, 2025 Findings and Recommendations, ECF No. 33, are VACATED.
3. The Clerk of Court shall disregard Anderson's Towing's answer, ECF No. 12.
4. Plaintiff shall show cause within fourteen days from the date of this order why this action should not be dismissed for failure to effect service of process within the time prescribed by Rule 4(m).
5. Plaintiff is warned that failure to respond to this order will result in a recommendation that this action be dismissed without prejudice for failure to effect services of process.

IT IS SO ORDERED.

Dated: October 19, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE